O’Neill, J.,
dissenting.
{¶ 21} We have a system of government that derives its power from the consent of the governed. It is the people who have the right to alter and reform the government. That being said, amending the Ohio Constitution is not an easy process, nor should it be. A written petition containing 1,000 signatures is just the beginning. R.C. 3519.01. After the initial petition is certified, the petitioners must gather the signatures of at least ten percent of the total of those who cast votes in the previous gubernatorial election. Article II, Sections la and lg, Ohio Constitution. The signatures must come from 44 of Ohio’s 88 counties. Article II, Section lg, Ohio Constitution.
{¶ 22} In 2006, a petition to amend the Ohio Constitution and raise the minimum wage for the state of Ohio to $6.85 was successfully placed on the ballot. On November 7, 2006, Ohio voters approved State Issue 2 with 56.6 percent of the votes. Ohio Secretary of State, 2006 Elections Results, http://www.sos.state. oh.us/sos/elections/Research/electResultsMain/2006ElectionsResults/06-1107Issue 2.aspx (accessed Mar. 8, 2016). To be precise, that meant 2,205,929 Ohio voters voted in favor of the provision. Id. Thus State Issue 2 became Article II, Section 34a, of the Ohio Constitution.
*488 {¶ 23} Article II, Section 34a, Ohio Constitution expressly states that the only exemptions to the requirement to pay a minimum wage are those that are set forth in that amendment. In general terms, those exceptions are for children under 16 years of age; employees who work for a business that grossed less than $250,000 in the preceding calendar year; workers employed on a casual basis at an employer’s residence; employees who receive tips, if the employer can show that the tips and wages combined equal the minimum wage; workers at a family-owned business who.are family members of the owner; and workers with mental or physical disabilities, if their employer obtained a state license to pay a lower wage. The amendment also provides, “This section shall be liberally construed in favor of its purposes. Laws may be passed to implement its provisions and create additional remedies, increase the minimum wage rate and extend the coverage of the section, but in no manner restricting any provision of the section * * * »
{¶ 24} The bill containing the statutory provision at issue in this case, R.C. 4111.14(B)(1), was introduced a mere 21 days after passage of the amendment and was passed less than a month later, on December 20, 2006. Am.Sub.H.B. No. 690, 151 Ohio Laws, Part V, 9576. See Legislative Service Commission Bill Analysis, Am.Sub.H.B. No. 690 (2006). That is a rapid response. R.C. 4111.14(B) restated that “employee” has the same meaning as in the Fair Labor Standards Act (“FLSA”), 29 U.S.C. 203 (the definitions section of the FLSA). However, R.C. 4111.14(B)(1) then incorporated the exclusions contained in the federal minimum-wage law found in 29 U.S.C. 203 as well as the exemptions found in 29 U.S.C. 213. R.C. 4111.14. There is no possible stretch of the English language that can disguise the fact that the statute has the effect of restricting a provision in the constitutional amendment, which had been recently approved by more than two million voters.
{¶ 25} The Second District Court of Appeals got this case right. The exemption found in the federal minimum-wage law for outside salespersons, and other exemptions, were not included in Ohio’s constitutional amendment and cannot be reasonably interpreted as such. By incorporating into Ohio law the exemptions set forth in the federal law, the General Assembly modified the decision of the voters of the state of Ohio and impermissibly narrowed and restricted the meaning of the word “employee” in the amendment. Accordingly, that portion of the statute should be declared unconstitutional. State ex rel. Dickman v. Defenbacher, 164 Ohio St. 142, 128 N.E.2d 59 (1955). Simply stated, the Ohio General Assembly cannot surreptitiously override the will of the people of Ohio. The voters have spoken, and the General Assembly and this court must listen. I dissent.
Pfeifer, J., concurs in the foregoing opinion.
*489 Markovits, Stock & DeMarco, L.L.C., and Andrew Biller, for appellees.
Stark & Knoll Co., L.P.A., John P. Susany, and Kathleen A. Hahner, for appellants.
Vorys, Sater, Seymour and Pease, L.L.P., Nelson D. Cary, Daniel J. Clark, Michael C. Griffaton, and George L. Stevens, urging reversal for amici curiae Ohio Council of Retail Merchants, Ohio Chamber of Commerce, Ohio Chapter of the National Federation of Independent Business, Ohio Farm Bureau Federation, and Ohio Management Lawyers Association.
Barkan, Meizlish, Handelman, Goodin, DeRose & Wentz, L.L.P., Robert E. DeRose, and Trent R. Taylor, urging affirmance for amicus curiae Ohio Association for Justice.
The Gittes Law Group, Frederick M. Gittes, and Jeffrey P. Yardaro; and Fortney & Klingshirn and Neil Klingshirn, urging affirmance for amicus curiae Ohio Employment Lawyers’ Association.